UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC., | Case No.:   20cv1464-BEN(BLM) |
| Plaintiff, | **ORDER DENYING MOTION TO LIFT STAY OF DISCOVERY** |
| v. | |
| WHITEWATER WEST INDUSTRIES, LTD., et al., | **[ECF NO. 74]** |
| Defendants. | |

Currently before the Court is Plaintiff's July 12, 2021 Motion to Lift Stay of Discovery [ECF No. 74-1 ("Mot.")] and Defendants' July 19, 2021 opposition to the motion [ECF No. 78 ("Oppo.")].  For the reasons set forth below, Plaintiff's request to lift the stay of discovery is **DENIED**.

## PLAINTIFF'S POSITION

Plaintiff "seeks an order lifting the discovery stay imposed on November 19, 2020 (ECF No. 40)."  ECF No. 74 at 2.  Plaintiff argues that there is no good cause to continue the stay because the Court has already rejected Defendants' attempts to dismiss Plaintiff's antitrust claims which are identical to the claims in the Second Amended Complaint and, therefore, the pending motions to dismiss will not dispose of the entire case.  Mot. at 4.  Plaintiff also argues that since its antitrust and RICO claims stem from the same set of facts, the scope of discovery will not be simplified even if Defendants are successful in having the RICO claims dismissed and that a blanket stay of discovery is not appropriate since Plaintiff's antitrust claims remain.  Id.

1

1   at 5.  Finally, Plaintiff argues that continuing the stay will "burden the parties as well as this

2   Court."  Id.

3   ## DEFENDANTS' POSITION

4          Defendants contend that lifting the discovery stay is futile under the Local Rules since

5   they have not answered Plaintiff's complaint.  Oppo. at 2, 6.  Defendants also contend that since

6   their motions could dispose of the case or critical aspects of the case impacting discovery,

7   opening discovery is not appropriate.  Id. at 2, 9-10.  Defendants note that opening discovery

8   at this juncture would be wasteful and burdensome given that it is unclear which parties and

9   claims will remain after Judge Benitez decides the pending motions.  Id. at 2.  Defendants further

10  contend that the factors the Court considered when it imposed the stay of discovery have not

11  changed.  Id. at 11.  Specifically, Plaintiff will not be unduly prejudiced by a continued stay,

12  opening discovery at this point would unnecessarily burden Defendants, and a continued stay

13  will not unreasonably delay the case as the pending motions to dismiss are fully briefed and

14  under submission.  Id.

15  ## LEGAL STANDARD

16         The Federal Rules of Civil Procedure do not automatically stay discovery when a

17  potentially dispositive motion is pending.  Ocean Garden Products Incorporated v. Blessings Inc.,

18  2020 WL 4284383, at *3 (D. Ariz., July 27, 2020) ("[d]iscovery stays are not automatic.")

19  (quoting Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., 2018 WL 1569811, at *1 (N.D. Cal.

20  Feb. 16, 2018)).  A motion to stay discovery must be supported by "good cause" and a "strong

21  showing."  See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  When deciding

22  whether to grant a stay of discovery, the court must consider the objectives of Fed. R. Civ. P. 1

23  to ensure a "just, speedy, and inexpensive determination of every action."  Tradebay, LLC v.

24  eBay, Inc., 278 F.R.D. 597, 602-603 (D. Nev. 2011).  District courts have "wide discretion in

25  controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); see also

26  Cellwitch, Inc. v. Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The Court has

27  discretion to stay discovery pending the resolution of dispositive motions, including motions to

28  dismiss").

The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending but many federal district courts in California have utilized a two-part test.  Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery."  Id. at *4.  If either part of the test is not met, discovery should proceed.  Id.  This two-factor test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted."[1]  Cellwitch, Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).

## DISCUSSION

Plaintiff's motion is **DENIED**.  First, as Defendants note, and as the Court stated in its previous order, the continued stay of discovery "will not unreasonably delay this matter and is in accordance with the standard progression of cases in this district."  ECF No. 40 at 6.  Because Defendants have yet to answer Plaintiff's complaint, the Court has not held an Early Neutral Evaluation Conference ("ENE"), held a Case Management Conference ("CMC") following an ENE, opened discovery, or issued a Scheduling Order.  See Civ.LR 16.1(c)-(d).  Continuing the stay of discovery "enables the Court to follow the Local Rules, facilitates potential settlement of the case and meaningful discussion of case management issues, and permits the determination of the proper scope of discovery."  ECF No. 40 at 6.

Second, the pending motions to dismiss are potentially dispositive of the entire case and of all claims against Defendant Chutter. Even if the motions are not completely dispositive, the resolution of the motions will impact the number of defendants and legal theories at issue which

---

[1] The "preliminary peek" is not intended to prejudge the outcome of the motion.  See Tradebay, 278 F.R.D. at 603 ("as the court in Mlejnecky recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position.  The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion.").

20cv1464-BEN(BLM)

will in turn impact the scope of discovery.   The Court finds that opening discovery as to only one claim or certain Defendants would not be an efficient way to litigate the case and would likely result in significant litigation over the scope of the discovery and repetitive discovery if the remaining parties and/or claims are subsequently added to the case.

Third, given that the pending motions have been fully briefed and taken under submission, they can be decided without additional discovery.  ECF No. 77.

Finally, continuing the stay will not unduly prejudice Plaintiff as it is likely to be short given that the motions are already fully briefed and under submission.  Id.  Conversely, allowing discovery to begin will potentially harm Defendants and third parties by prematurely requiring them to engage in the discovery process.

**IT IS SO ORDERED**.

Dated:  7/21/2021

Hon. Barbara L. Major
United States Magistrate Judge

20cv1464-BEN(BLM)