UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation; GEOFFREY CHUTTER, an individual; FLOWRIDER INC., a California corporation; MARSHALL MYRMAN, an individual; AQUATIC DEVELOPMENT GROUP, INC., a New York corporation; DAVID KEIM, an individual; and THOMAS LOCHTEFELD, an individual,<br><br>Defendants. | Case No.: 3:20-cv-01464-BEN-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(2) DENYING AS MOOT DEFENDANT CHUTTER'S MOTION TO DISMISS**<br><br>**[ECF Nos. 64, 65]** |

    Plaintiff Pacific Surf Designs, Inc. ("PSD") is suing Defendants Whitewater West Industries, Ltd. ("Whitewater"); Geoffrey Chutter, Flowrider, Inc. ("Flowrider"); Marshall Myrman; Aquatic Development Group, Inc. ("ADG"); David Keim; and Thomas Lochtefeld (collectively, "Defendants" or the "RICO Conspiracy Defendants") for claims arising in antitrust and racketeering. The matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 64, and Defendant

1

Chutter's Motion to Dismiss for Lack of Jurisdiction, ECF No. 65. As set forth below, the Motion to Dismiss for Failure to State a Claim is granted-in-part, and Chutter's Motion to Dismiss for Lack of Jurisdiction is denied as moot.

## I.  BACKGROUND[1]

The Court has discussed the instant litigation in some detail in its Order dated February 9, 2021. The Court relies on that account, supplementing it where necessary. In its previous order, Plaintiff's RICO claims were dismissed but claims related to the Sherman Act were allowed to proceed. This matter is presently before the Court based on Plaintiff's Second Amended Complaint ("SAC").

## II.  LEGAL STANDARD

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a court dismisses a complaint, it may grant leave to amend as was done in this

---

[1] The Court is not making factual findings.

case, unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III.   ANALYSIS

Having considered the Parties' pleadings on the present motions, the Court finds neither party has presented arguments that persuade this Court to deviate from its rulings on the first motions to dismiss.

### A.   *Claims 1, 2, and 3: Alleged Sherman Act Violations*

This Court found Plaintiffs met the threshold for stating a claim in ruling on Defendant's previous motion.  Plaintiff's SAC makes the same claims regarding Sherman Act violations.  Still, Defendants seek dismissal.  This time the argument is based on the *Noerr-Pennington Doctrine* as it applies to third parties.

Defendants argue this Court's other decision denying attorneys' fees in related patent litigation shows that the litigation was not a sham, and thus subject to *Noerr-Pennington* immunity. Mot. ECF No. 64, 33.  While sham litigation is certainly a factor to consider, it is not dispositive, especially when considered in the context of Plaintiff's entire Complaint.  Plaintiff alleges Defendants' sham lawsuits are only a portion of their anti-competitive scheme.  The attorneys' fees referenced in Defendants' renewed motion only cover one case.  As Plaintiff points out, "the question is not whether any one suit has merit, but whether the lawsuits were brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." Opp'n, ECF No. 72, 19, quoting *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1187 (9th Cir. 2017) (internal citations omitted).  Plaintiffs allege Defendants have brought a series of suits to harm competition.  A finding in one of those cases involving attorneys' fees does not render Plaintiff's complaint defective.

In this second motion to dismiss, Defendants address *Noerr-Pennington* with case law that existed at the time of their initial motion to dismiss.  Pulling one's punches is not a winning Rule 12 strategy.  "Rule 12(g) technically prohibits successive motions to

dismiss that raise arguments that could have been made in a prior motion." *Banko v. Apple, Inc.*, No. 13–02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013). "If a failure-to-state-a-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). However, the Ninth Circuit has adopted a "very forgiving" approach and allows district courts to consider new arguments in successive motions to dismiss in the interest of judicial economy. *Id.* at 318–19.

There is no judicial economy to be gained here, however. Plaintiff's SAC is essentially unchanged regarding claims 1-3. New defense arguments are not responding to new claims in Plaintiff's Complaint. Having previously found the Plaintiff's stated a valid claim under the Sherman Act, this Court sees nothing that would persuade it to change course at this time. Accordingly, the Defendants' motion to dismiss claims 1, 2, and 3 of the SAC is denied.

### B. *Counts 4 & 5: RICO Claims*

Plaintiff lacked standing to bring its original RICO claim. Plaintiff reframes its RICO claim in the SAC. However, the effort is unavailing. Dismissing Plaintiff's RICO claims earlier, this Court explained:

> "In essence, PSD alleges that Defendants schemed to 'eliminate PSD as competition' and to 'put PSD out of business.'" This, stated in PSD's own words, essentially argues that Defendants sought to capture additional market share and deprive PSD of future business by squeezing PSD out of the sheet wave machine market. Capturing additional market share, unlike the taking of money or property, does not meet the concrete injury standard articulated by the Ninth Circuit in *Lancaster*. The claims lack allegations of "a harm to a specific business or property interest" required to plausibly state a claim for wire fraud."

ECF No. 41, 10 (internal citations omitted). Plaintiff's attempts to reframe its RICO claims essentially allege the same harms this Court previously found insufficient to

confer standing to assert a RICO violation. The newly alleged "harms" include potential lost sales and the "loss of opportunity to fairly compete" for other sales. This is little different than asserting a loss of market share.

Plaintiff also points to the additional costs of litigation from defending what they allege to be sham cases by Defendants as "concrete financial loss." However, the Ninth Circuit has so far declined to recognize legal fees as a cognizable injury under RICO, and while its memorandum disposition is not binding, it is persuasive. *See, e.g.*, *Thomas v. Baca,* 308 Fed. App'x 87, 88 (9th Cir. 2009) (mem.) ("This court has not recognized the incurment of legal fees as an injury cognizable under RICO, and we decline to do so here."); *see also Ogden v. Wells Fargo Bank, N.A*., No. CV 14–3579 DMG (SH), 2015 WL 13413390, at *2 (C.D. Cal Feb. 20, 2015) ("The Ninth Circuit has generally refused to recognize legal fees as a valid injury to a business or property under RICO."); *Holloway v. Clackamas River Water*, No. 3:13–cv–01787–AC, 2014 WL 6998069, at *9 (D. Or. Sept. 9, 2014) ("The caselaw in this circuit holds that legal fees expended to defend against sham lawsuits are not the type of injury to business or property interest which confer standing to bring a civil RICO claim."). Since Plaintiff's SAC still fails to plead a cognizable injury under RICO that would confer standing, the purported RICO claims, Claims 4 and 5, are again dismissed.

C. ***Motion to Dismiss for Lack of Personal Jurisdiction***

Concurrent with Defendants' Motion to Dismiss for Failure to State a Claim, Defendant Chutter filed a Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 65. Chutter is Whitewater's CEO but is only named as an individual defendant for Plaintiff's RICO claims. In ruling on Defendants' prior motion to dismiss, this Court did not address the personal jurisdiction matter, as dismissing the RICO claims mooted the issue.

> "As discussed . . . those claims have been dismissed and deciding the Motion at this juncture would have no effect on the case. Accordingly, the Motion to Dismiss for Lack of Personal Jurisdiction is denied as moot. *See, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that

an issue is moot when deciding it would have no effect within the confines of the case").")

ECF No. 41, 11. This Court takes the same approach now. Chutter's Motion to Dismiss for Lack of Personal Jurisdiction is denied as moot.

### D.  *Leave to Amend*

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016). Here, having been provided the opportunity to amend its prior deficient RICO complaints, Plaintiff essentially restated its original claim and failed to cure any of the deficiencies that led to dismissal. This Court thus finds any additional attempts to amend would be futile and denies Plaintiffs leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 64, is granted-in-part, as follows:

1.  Defendants' Motion to Dismiss the first through third claims for relief in the Complaint is denied.

2.  Defendants' Motion to Dismiss Plaintiff's fourth and fifth claims for relief in the Complaint is granted. These claims are dismissed.

3.  Chutter's Motion to Dismiss for Lack of Personal Jurisdiction is denied as moot.

**IT IS SO ORDERED.**

Dated: November 16, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge