UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WHITEWATER WEST INDUSTRIES, LTD., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-1464-BEN-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>**[Dkt. No. 98]** |

　　　Before the Court is Defendant WhiteWater West, Ltd.'s ("Defendant") unopposed Motion for Issuance of Letters Rogatory (the "Motion"). Dkt. No. 98. The Court held a hearing on the Motion on December 22, 2023, at which counsel for Plaintiff Pacific Surf Designs ("Plaintiff") and Defendant appeared. The Court has considered the moving papers, the applicable law, and the arguments of counsel. For the reasons stated below and at the hearing, the Motion is **DENIED WITHOUT PREJUDICE**.

　　　Defendant seeks documents from nonparty ProSlide Technology, Inc. ("ProSlide"), a Canadian company, and deposition testimony from ProSlide's CEO, Rick Hunter. Dkt. No. 98 at 2. ProSlide and Mr. Hunter have refused to voluntarily

respond to Defendant's discovery, making it necessary to pursue the information by means of a letter rogatory.

"A letter rogatory is 'a formal written request sent by a court to a foreign court' for the purpose of obtaining evidence, including depositions and documents, in a pending action." *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 287 (N.D. Cal. 2020) (citation omitted). The issuance of such a request is within the Court's inherent powers and is also implicitly authorized by 28 U.S.C. § 1781. *See Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007); *see also* Fed. R. Civ. P. 28(b)(1)(B) (providing for the taking of foreign depositions by means of a letter rogatory). Whether to do so is a matter of the Court's discretion. *Scalia*, 337 F.R.D. at 288. As with any other discovery request, discovery sought by means of a letter rogatory must be within the scope of discovery defined by Rule 26(b). *See id.*

Defendant has provided the Court with its proposed letter rogatory setting forth the requested discovery, which consists of six topics for examination at deposition and four document requests. *See* Dkt. No. 98-2. For the reasons discussed on the record during the hearing, the Court finds that some of the requested discovery exceeds the bounds of Rule 26(b). Specifically, and as discussed at the hearing, the Court finds as follows:

**Topics Nos. 1, 4** and **6** are permissible as drafted.[1]

**Topics Nos. 2** and **5** are permissible only to the extent that the testimony sought relates to ProSlide's marketing and other activities as related to its role "as

---

[1] Topic No. 1: ProSlide's agreement(s) with PSD relating to the manufacture and sale of sheet wave or other simulated wave machines.

Topic No. 4: Municipal projects in the United States for which ProSlide worked collectively with PSD to submit a bid to install any project that included a sheet wave machine.

Topic No. 6: Any license or agreement to license surf simulating technology between PSD on the one hand and ProSlide on the other hand.

a licensee of [Plaintiff's] sheet wave machines."[2]  See Dkt. No. 98 at 3, 7.  To the extent Defendant seeks testimony outside of this scope, the Court finds such testimony is not relevant to any claim or defense.

**Topic No. 3** is permissible only to the extent the testimony relates to nonprivileged communications between Plaintiff and ProSlide regarding litigation between Plaintiff and Defendant or Defendant's subsidiaries.[3]  Information outside this scope is not relevant to any claim or defense.

**Document Requests Nos. 2** and **4** are permissible as drafted.[4]

**Document Request No. 3** is permissible only to the extent that the documents sought relate to ProSlide's marketing and other activities as related to its role "as a licensee of [Plaintiff's] sheet wave machines."[5]  See Dkt. No. 98 at 3, 7.  To the extent Defendant seeks documents outside of this scope, the Court finds such documents are not relevant to any claim or defense.

**Document Request No. 1** is permissible only to the extent it seeks nonprivileged communications between Plaintiff and ProSlide regarding litigation between Plaintiff and Defendant or Defendant's subsidiaries.[6]  The Court finds that

---

[2]  Topic No. 2: ProSlide's marketing and other activities that relate to the sale of sheet wave or other simulated wave machines.
   Topic No. 5: Competition with WhiteWater or ADG for the sale of surf simulating machines.

[3]  Topic No. 3: ProSlide's involvement in litigation between PSD and WhiteWater or any of their subsidiaries.  See Dkt. No. 98-2 at 6.

[4]  Document Request No. 2: All DOCUMENTS RELATING TO municipal projects in the United States for which ProSlide worked collectively with PSD to submit a bid to install any project that included a sheet wave machine.
   Document Request No. 4:  All DOCUMENTS RELATING TO any license or agreement to license surf simulating technology between PSD on the one hand and ProSlide on the other hand.

[5]  Document Request No. 3: All DOCUMENTS RELATING TO competition with WhiteWater or ADG for the sale of surf simulating machines.

[6]  Document Request No. 1: All DOCUMENTS RELATING TO ProSlide's involvement in litigation involving Defendants WhiteWater or ADG or any of their subsidiaries on the one hand and PSD on the other hand.

ProSlide's internal communications on this subject are not relevant to any claim or defense.

For the foregoing reasons, the Court finds the requested discovery is not within the scope permitted by Rule 26(b).  However, the Court believes that Defendant's proposed discovery can be cured, bearing the above considerations in mind. Accordingly, Defendant's Motion for Issuance of Letters Rogatory [Dkt. No. 98] is **DENIED WITHOUT PREJUDICE** to a renewed motion that seeks a more limited scope of discovery consistent with this Order.

**IT IS SO ORDERED**.

Dated:  December 23, 2022

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge