1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> WHITEWATER WEST INDUSTRIES, LTD., et al, <br><br> Defendants. | Case No.:  20-cv-1464-BEN-DDL <br><br> **AMENDED[1] ORDER GRANTING RENEWED MOTION FOR ISSUANCE OF LETTERS ROGATORY** <br><br> **[Dkt. No. 106]** |

Before the Court is Defendant WhiteWater West, Ltd.'s ("Defendant") renewed Motion for Issuance of Letters Rogatory (the "Motion").  Dkt. No. 106.  The Motion is unopposed.  See id. at 2.  Defendant seeks documents from nonparty ProSlide Technology, Inc. ("ProSlide"), a Canadian company, and deposition testimony from ProSlide's CEO, Rick Hunter.  *Id*.  ProSlide and Mr. Hunter have refused to voluntarily respond to

---

[1] This Order corrects a typographical error at page 4 (now page 5), line 18 of the Court's December 30, 2022 Order, changing "Central District of California" to "Southern District of California."

1

Defendant's discovery, making it necessary to pursue the information by means of a letter rogatory.[2]  *Id*. at 4.

The undersigned denied Defendant's previous request to issue letters rogatory for this evidence, finding that the requests for documents and testimony as presented were outside the scope of discoverable information under Federal Rule of Civil Procedure 26(b). *See* Dkt. No. 105 at 2; *see also Scalia*, 337 F.R.D. at 288 (providing that information and documents sought by means of a letter rogatory must be discoverable under the Federal Rules).    Specifically, the Court found that certain evidence Defendant sought was overbroad, not relevant to any party's claim or defense, and potentially implicated privileged information.  See generally Dkt. No. 105.

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[2] "A letter rogatory is 'a formal written request sent by a court to a foreign court' for the purpose of obtaining evidence, including depositions and documents, in a pending action." *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 287 (N.D. Cal. 2020) (citation omitted).  The Court has the authority and the discretion to issue such a request. *See Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007); *accord* Fed. R. Civ. P. 28(b)(1)(B) (providing for the taking of foreign depositions by means of a letter rogatory).

Having reviewed the Motion and attached letter rogatory, the Court finds that Defendant has cured its discovery, such that the testimony and documents requested are within the scope of Federal Rule of Civil Procedure 26.  Therefore, and for good cause shown, Defendant's Motion for Issuance of Letters Rogatory [Dkt. No. 106] is **GRANTED**.  The Court hereby authorizes a request for discovery from ProSlide and Rick Hunter consistent with the terms of this Order and as reflected in the attached Letter Rogatory.  It shall be the responsibility of the parties to deliver the Letter Rogatory to the appropriate authorities in Canada.  A signed copy of the Letter Rogatory bearing the Court's seal is available to be picked up from the Clerk of the Court, whose address and business hours are available on the Court's website.

**IT IS SO ORDERED.**

Dated: January 3, 2023

Hon. David D. Leshner
United States Magistrate Judge

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   PACIFIC SURF DESIGNS, INC.,                 Case No.:  20-cv-1464-BEN-DDL

12                             Plaintiff,         **REQUEST   FOR   INTERNATIONAL**

13   v.                                           **JUDICIAL  ASSISTANCE  (LETTERS**
                                                  **ROGATORY)**
14

15   WHITEWATER WEST INDUSTRIES,
     LTD., et al,
16
                              Defendants.
17

18

19          <u>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**</u>

20                        <u>**(LETTERS ROGATORY)**</u>

21          United States District Court, Southern District of California, to the Ontario Superior

22   Court of Justice or such other appropriate judicial authority in Canada ("Ontario Court"):

23          The United States District Court for the Southern District of California presents its

24   compliments to the Ontario Court and requests international juridical assistance to obtain

25   evidence to be used in a civil proceeding before the United States District Court, Southern

26   District of California in the above-captioned matter.

27   ///

28   ///

                                               4

1

## **FACTUAL SUMMARY OF THE MATTER**

2   WHEREAS, there is now pending in the United States District Court, Southern

3   District of California, a civil action entitled Pacific Surf Designs, Inc., Plaintiff, vs.

4   WhiteWater West Industries, Ltd., et al., Case No. 3:20-cv-01464-BEN-DDL ("U.S.

5   Action"), which involves allegations of antitrust violations and unfair competition by the

6   plaintiff Pacific Surf Designs, Inc. ("PSD") against the defendants WhiteWater West

7   Industries Ltd. ("WhiteWater") and Aquatic Development Group ("ADG").

8   WHEREAS, upon the Renewed Unopposed Ex Parte Motion for Issuance of Letters

9   Rogatory ("Motion") of defendant WhiteWater, this Court has entered its order for issuance

10   of the Letters Rogatory directed to the Ontario Court, requesting your aid in compelling

11   the attendance of witness Rick Hunter ("Mr. Hunter"), in his capacity as a representative

12   of ProSlide Technology, Inc. ("ProSlide"), for deposition testimony (to be recorded both

13   stenographically and by video, and either remotely or in-person at WhiteWater's election)

14   and production of documents by ProSlide.

15   WHEREAS, the United States District Court for the Southern District of California

16   is a duly-constituted Court of law and equity of the United States of America, and is not an

17   administrative tribunal.

18   WHEREAS, the United States District Court for the Southern District of California

19   has the power under its enabling statutes and rules to direct the taking of evidence in a

20   foreign jurisdiction by means of a letter rogatory.

21   WHEREAS, ProSlide is a manufacturer of water rides and water park resorts, which

22   has a business relationship with the plaintiff in this action, PSD, such that WhiteWater has

23   good reason to believe that ProSlide has relevant information and documents, relating to

24   (1) ProSlide's agreement(s) with PSD relating to the manufacture and sale of certain water

25   rides, and (2) ProSlide's marketing and other activities that relate the sale of certain water

26   attractions that relate to PSD's claims against WhiteWater.  Specifically, WhiteWater has

27   good reason to believe ProSlide has information involving ProSlide's involvement in

28   litigation between WhiteWater or any of their subsidiaries on the one hand and PSD on the

20-cv-1464-BEN-DDL

other hand, information relating to United States municipal projects for which ProSlide worked collectively with PSD to submit a bid to install any project including a sheet wave machine, information relating to competition with WhiteWater or ADG for the sale of surf simulating machines, and information relating to any license or agreement to license surf simulating technology between PSD on the one hand and ProSlide on the other hand.

WHEREAS, the evidence sought from ProSlide and Mr. Hunter is materially relevant to the claims and defenses alleged in the U.S. Action and this Letters Rogatory identifies the documents sought and deposition topics with as much specificity as possible to avoid any undue imposition on ProSlide or Mr. Hunter, while still ensuring WhiteWater is capable of acquiring materials relevant and required to put forth a fulsome defense on the issues in question.

WHEREAS, the evidence sought is not unduly burdensome having in mind what the relevant witness would be required to do and produce were the action tried in Ontario or elsewhere in Canada, and does not seek production of privileged evidence.

WHEREAS, WhiteWater undertakes that the evidence sought from ProSlide and Mr. Hunter is sought in the interest of justice for use at the trial of this U.S. Action, and not for any improper purpose, or for use other than in the U.S. Action unless leave is otherwise granted by the Ontario Court.

WHEREAS, the evidence sought from ProSlide and Mr. Hunter is required for WhiteWater to properly investigate PSD's allegations and such information has not been provided in discovery by PSD.

WHEREAS, ProSlide manufactures and sells based on a license agreement from PSD, and that the resulting sales to customers of these sheet wave machines are between ProSlide and those customers.

WHEREAS, PSD is not included in all communications with customers and potential customers, and WhiteWater therefore cannot obtain the relevant documents and testimony from PSD or any other source aside from ProSlide and Mr. Hunter.

///

WHEREAS, ProSlide has unique information that PSD lacks and cannot otherwise obtain regarding ProSlide's marketing and distribution capabilities, which is relevant to show PSD's market position and its ability to compete against WhiteWater, which is a central issue in this case.

WHEREAS, ProSlide is likely to possess documents and information regarding its efforts to assist PSD in its litigation against WhiteWater that are not available other than from ProSlide, and such discovery from ProSlide is necessary for WhiteWater to defend against PSD's claim that WhiteWater improperly caused PSD to expend resources on litigation.

WHEREAS, the evidence sought from ProSlide and Mr. Hunter cannot be obtained by any means other than the intervention of the Ontario Court, as WhiteWater's counsel advised that it contacted ProSlide and Mr. Hunter to request voluntary compliance with WhiteWater's request for testimony and evidence, but ProSlide and Mr. Hunter did not agree to voluntarily comply with WhiteWater's request for testimony and evidence, and ProSlide and Mr. Hunter are outside the jurisdiction of the United States, such that WhiteWater is unable to compel their compliance absent this Letters Rogatory.

WHEREAS, it is necessary and convenient to obtain the evidence from ProSlide and the testimony of Mr. Hunter (in his capacity as Chief Executive of ProSlide), as the evidence and testimony is material to the U.S. Action, and the evidence and testimony sought is necessary to enable the Court to resolve the dispute between the parties, and without which justice cannot be served between the parties.

WHEREAS, the Ontario Court properly has jurisdiction over ProSlide and Mr. Hunter, by way of their residence in Ontario, the principal place of business of ProSlide, and the last known work address of Mr. Hunter, being 150-2650 Queensview Drive, Ottawa, Ontario, Canada K2B 8H6.

**IT IS THEREFORE RESPECTFULLY REQUESTED:**

A.     That the Ontario Court cause Mr. Hunter, in his capacity as a representative of ProSlide, by the proper and usual legal means, to appear before the Ontario Court or

some other competent and authorized officer appointed by the Ontario Court for that purpose, at a time and place to be appointed by the Ontario Court, then and there to answer deposition questions from counsel for WhiteWater, under the supervision of a person who is authorized to administer oaths, which shall be recorded both stenographically and by video recording;

B.     That counsel for WhiteWater be granted permission to conduct the oral examination either in-person or remotely at WhiteWater's election;

C.     That counsel for WhiteWater be granted permission to conduct the oral examination in accordance with the Federal Rules of Evidence and the United States Federal Rules of Civil Procedure;

D.     That the subject matter of the examination of Mr. Hunter shall consist of the following areas:

1.     ProSlide's agreement(s) with PSD relating to the manufacture and sale of sheet wave or other simulated wave machines;

2.     ProSlide's marketing and other activities that relate to ProSlide's role as a licensee of PSD's sheet wave machines and/or related PSD intellectual property;

3.     Non-privileged communications between PSD and ProSlide regarding litigation between PSD and WhiteWater or WhiteWater's subsidiaries;

4.     Municipal projects in the United States for which ProSlide worked collectively with PSD to submit a bid to install any project that included a sheet wave machine;

5.     Competition with WhiteWater or ADG for the sale of surf simulating machines as related to ProSlide's role as a licensee of PSD's sheet wave machines and/or related PSD intellectual property;

6.     Any license or agreement to license surf simulating technology between PSD on the one hand and ProSlide on the other hand.

E.     That ProSlide be ordered to produce the following documents that are within its possession, custody, or control:

1.      All non-privileged DOCUMENTS embodying, containing, or reflecting communications between PSD and ProSlide regarding litigation between PSD and WhiteWater or WhiteWater's subsidiaries;

2.      All DOCUMENTS RELATING TO municipal projects in the United States for which ProSlide worked collectively with PSD to submit a bid to install any project that included a sheet wave machine;

3.      All DOCUMENTS RELATING TO competition with WhiteWater or ADG for the sale of surf simulating machines in connection with ProSlide's role as a licensee of PSD's sheet wave machines and/or related PSD intellectual property;

4.      All DOCUMENTS RELATING TO any license or agreement to license surf simulating technology between PSD on the one hand and ProSlide on the other hand.

F.      That all responsive documents that are within the possession, custody, or control of ProSlide be produced, no later than ten (10) days prior to the examination of Mr. Hunter, directly to counsel for WhiteWater:

Joshua M. Robbins
jrobbins@buchalter.com
(949) 224-6284
BUCHALTER, APC
18400 Von Karman Ave., Suite 800
Irvine, CA 92612

G.      That the Ontario Court direct ProSlide and Mr. Hunter to provide the requested evidence by no later than January 31, 2023.

H.      That, if any part of this Letters Rogatory cannot be enforced under the laws of Ontario, the remaining parts be enforced.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **REIMBURSEMENT**

The United States Federal Rules of Civil Procedure state that an order to compel production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

If the Ontario Court determines that ProSlide or Mr. Hunter will incur significant costs to comply with the Letters Rogatory, or if the Judicial Authorities of Canada require reimbursement for their own costs incurred in executing this Letters Rogatory, the reimbursable expenses will be borne by WhiteWater, which can be contacted through its counsel of record, as follows:

Joshua M. Robbins
jrobbins@buchalter.com
(949) 224-6284
BUCHALTER, APC
18400 Von Karman Ave., Suite 800
Irvine, CA 92612

## **RECIPROCITY**

This Court also assures your authority that it will reciprocate with similar assistance in like cases and extends to the Judicial Authorities of Canada, including the Ontario Superior Court of Justice, the assurances of its highest consideration.

Date of Request: **January 3, 2023**

Signature and Seal of the Requesting Authority:

_____
Honorable David D. Leshner
United States Magistrate Judge

10