# Exhibit 1

**Buchalter PC**
Joshua M. Robbins (SBN 270553)
Roger L. Scott (SBN 247165)
Adam M. Sechooler (SBN 293860)
Alexandria C. Montes (SBN 309207)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
949.760.1121

**Crowell & Moring LLP**
Daniel A. Sasse (SBN 236234)
Chahira Solh (SBN 248985)
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
949.263.8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pacific Surf Designs, Inc.,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**WhiteWater West Industries, Ltd., et al.,**<br><br>　　　　Defendants. | CASE NO. 3:20-cv-01464-BEN-DDL<br>Hon. Judge Roger T. Benitez<br><br>**Defendants' Objections to Plaintiff's Evidence Filed In Support of Opposition to Motion for Summary Judgment**<br><br>Date:　June 5, 2023<br>Time:　10:30 a.m.<br>Ctrm:　5A |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**OBJECTIONS TO EVIDENCE**

1  Defendants Whitewater West Industries, Ltd. ("WhiteWater") and Aquatic
2  Development Group, Inc. ("ADG") submit the following Objections to Plaintiff Pacific
3  Surf Designs, Inc.'s ("PSD") evidence in support of its Opposition to Defendants'
4  Motions for Summary Judgment ("Opp."), as set forth in the Declaration of Jennifer
5  Hackett in Support of Plaintiff's Opposition to Defendants' Motions for Summary
6  Judgment ("Hackett Declaration").

## OBJECTIONS TO PSD'S EVIDENCE

### I. OBJECTION NO. 1

**A. Matter Objected To:**

PSD's description of a conversation between Richard Alleshouse and Marshall Myrman that took place at a bar in 2014. (Opp. 6:21 – 7:5). The description of this conversation relies on Exhibit 61 and Exhibit 20 to the Hackett Declaration. **Exhibit 61** is a copy of excerpts from the April 18, 2017 Deposition of Richard Alleshouse. **Exhibit 20** is a copy of PSDA0097691, which is a purported transcription of Richard Alleshouse's handwritten notes from a May 14, 2014 meeting with Marshall Myrman.

**B. Grounds for Objection:**

The evidence constitutes settlement communications between Whitewater and PSD, which are inadmissible under Federal Rule of Evidence 408. Under Federal Rule of Evidence 408(a), settlement communications may not be admitted "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." See, e.g., *Aspen Title & Escrow, Inc. v. Jeld-Wen, Inc.*, 677 F. Supp. 1477, 1485 (D. Or. Sep. 21, 1987) (settlement communications excluded under Rule 408 when attempted to establish antitrust liability).

***This Court has previously ruled that this exact evidence is an inadmissible settlement communication***. WhiteWater in Case No. 3:17-cv-01118-BEN-BLM. (See ECF 321 [December 3, 2019 Minute Order granting ECF 317]; See ECF 317

[Whitewater's Motion in Limine to Preclude Settlement Communications by Whitewater].) PSD is well aware of that ruling.

Two main policy considerations support the exclusion of evidence pursuant to FRE 408. **First**, the evidence is irrelevant because "the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Fed. R. Evid. 408 Advisory Committee Notes. **Second**, excluding settlement discussions furthers public policy because it promotes voluntary settlements. *Id*.

PSD intends to rely on WhiteWater's efforts to resolve this litigation to argue that Whitewater's prior patent claims were meritless and filed only pressure PSD's principals to work for WhiteWater and/or to sell their company to WhiteWater, as part of an anticompetitive scheme. That is precisely what Rule 408 forbids. *Malone v. Potter*, No. CV0705530MMMFFMX, 2009 WL 10672523, at *8 (C.D. Cal. Feb. 25, 2009) ("Evidence of the settlement is only relevant to the existence of a continuing pattern of discrimination if it is considered probative of liability on the underlying discrimination claims; this is precisely the use of evidence of settlement that Rule 408 prohibits.") Because PSD will use this evidence in a way that is expressly disallowed under Rule of Evidence 408, it must be excluded.

## II. OBJECTION NO. 2

### A. Matter Objected To:

PSD states that "Whitewater employees and customers also recognized that WhiteWater has been a monopolist in the sheet wave machine market from at least 2012 until at least very recently." (Opp. 13: 20-22) PSD supports that claim by citing to **Exhibit 35** to the Hackett Declaration, document WW0007576, which is a May 2012 email from Oriol Vicente to Andrew Thatcher writing, "we are a fucking monopoly dude. We control the market."

### B. Grounds for Objection:

Oriol Vicente and Andrew Thatcher were not employees of WhiteWater at the time the quoted statement was made. Exhibit 35 takes place in May 2012, when both

Mr. Vicente and Mr. Thatcher were WaveLoch LLC employees. Therefore, this statement is not made by WhiteWater employees. Further, there is no evidence that WhiteWater authorized Mr. Vicente and Mr. Thatcher to make the quoted statement, so the hearsay exception for a party admission in FRE 801(d)(2) does not apply, and the statement is inadmissible under FRE 802.

Separately, a statement by an individual who was not a WhiteWater employee or customer is not relevant to a claim that "Whitewater employees and customers also recognized that Whitewater has been a monopolist" as stated in the Opp. Accordingly, its probative value, if any, is outweighed by its prejudicial effect. (FRE 402, 403.)

Additionally, Mr. Vicente is not an expert who can opine on the existence of a monopoly. Without any qualified basis for such a conclusion, his statement is lay opinion and speculation. It is thus inadmissible under FRE 602, 701-703; *see also United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007).

### III. RESERVATION OF OBJECTIONS

In an effort to avoid burdening the Court, Defendants limit their objections to evidence presented in opposition to summary judgment. Defendants do not waive their right to object to this, or any other evidence cited in PSD's Opposition, at the time of trial. See Adv. Comm. Note to 2010 Amendments to FRCP 56(c)(2) ("the failure to object clearly does not waive or forfeit the right to challenge the evidence at trial.").

DATED: May 26, 2023

**BUCHALTER**
A Professional Corporation

By: _____
Joshua M. Robbins
Attorneys for Defendants