BUCHALTER PC
Joshua M. Robbins (SBN 270553)
Roger L. Scott (SBN 247165)
Alexandria C. Montes (SBN 309207)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
jrobbins@buchalter.com
rscott@buchalter.com
amontes@buchalter.com

CROWELL & MORING LLP
Daniel A. Sasse (SBN 236234)
Sima Namiri-Kalantari (SBN 293876)
David Griffith (SBN 329342)
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: 949.263.8400
dsasse@crowell.com
snamiri@crowell.com
dgriffith@crowell.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PACIFIC SURF DESIGNS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**WHITEWATER WEST INDUSTRIES, LTD.**, et al.,<br><br>Defendant. | Case No. 3:20-CV-01464-BEN-DDL<br><br>Hon. Roger T. Benitez<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SEAL**<br><br>[Filed concurrently with the Declaration of Daniel Sasse in support of Defendant's Unopposed Motion to Seal]<br><br>**Trial Date: August 11, 2023**<br>**Courtroom 5A** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

MEM. OF P. & A. ISO DEF.'S
UNOPPOSED MOTION TO SEAL;
CASE NO. 3:20-CV-01464-BEN-DDL

## I. INTRODUCTION

Pursuant to the Protective Order entered in this case, Defendant WhiteWater West Industries, Ltd. ("WhiteWater") respectfully requests that the Court seal the unredacted versions of the (1) Defendant's Opposition to Plaintiff's Motion *in Limine* No. 3 to Bar Evidence of, or References to, Plaintiff Experts' Excluded Opinions. WhiteWater also respectfully requests that the Court seal Exhibit 1 to the Declaration of Daniel Sasse in support of Defendant's Opposition to Plaintiff's Motion *in Limine* No. 3. (hereinafter, "Sasse Decl.").

The information that WhiteWater seeks to file under seal has all been designated by PSD as "Confidential" or "Confidential–For Counsel Only" pursuant to the Protective Order. ECF No. 87-1. Sasse Decl. ¶ 4. Accordingly, WhiteWater requests that the Court seal the following documents (collectively, the "Confidential Documents"):

1. Portions of the Opposition to Plaintiff's Motion *in Limine* No. 3 to Bar Evidence of, or References to, Plaintiff Experts' Excluded Opinions, which quotes or references material PSD designated "Confidential" or "Confidential–For Counsel Only"; and

2. Portions of Exhibit 1 to the Sasse Decl. in support of Defendant's Opposition to Plaintiff's Motion *in Limine* No. 3, which contains excerpts of the July 20, 2023 Deposition of S. Ilan Guedj, Ph.D. ("Guedj Deposition").

The Confidential Documents have been provisionally lodged under seal, and WhiteWater respectfully requests that the Court grant this Motion so that the Confidential Documents remain sealed.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

2

MEM. OF P. & A. ISO DEF.'S
UNOPPOSED MOTION TO SEAL;
CASE NO. 3:20-CV-01464-BEN-DDL

## II. GOOD CAUSE EXISTS TO KEEP THE CONFIDENTIAL MATERIALS UNDER SEAL

### A. The Confidential Materials Should Be Sealed Because PSD Has Designated Them as "Confidential" or "Confidential–For Counsel Only."

A court may seal records if the interests favoring nondisclosure in a particular case outweigh the presumption in favor of the public's right of access. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(G); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *2 (N.D. Cal. Jan. 3, 2019).

The Ninth Circuit recognizes the release of confidential business information may constitute a compelling reason to overcome public disclosure. "A trade secret may consist of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). Sealing may also be used to prevent filed materials from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Velasco v. Chrysler Grp. LLC*, Case No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) ("[D]istrict courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' 'internal policies and strategies,' and 'manufacturing information[.]'") (internal citations omitted).

In addition, a contractual obligation not to disclose may constitute an overriding or compelling interest where confidentiality is necessary to protect a

3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

MEM. OF P. & A. ISO DEF.'S
UNOPPOSED MOTION TO SEAL;
CASE NO. 3:20-CV-01464-BEN-DDL

party's business interests. *See Universal City Studios, Inc. v. Superior Court*, (2003) 110 Cal. App. 4th 1273, 1283. Here, the purpose of the confidentiality provisions in the Protective Order is to protect the parties' interests, including by preventing sensitive and confidential business information from being publicly disclosed where the interest of the public is not outweighed by the interests of the parties.

The Protective Order defines "confidential information" as including any information "that is deemed to be confidential information by any party or third party to which it belongs." ECF No. 87-1 at 1:13-19. The Protective Order further explains that "[a]ny party or third party may designate information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or third party." *Id.* at 2:22-25.

In this case, PSD has designated the relevant expert deposition transcripts and the business documents referenced in those transcripts as "Confidential" or "Confidential–For Counsel Only." In doing so, PSD has represented that it has a good faith belief that the information contained in the various business materials could be harmful to its business interests if it were publicly disclosed. *See id.* Accordingly, WhiteWater believes that good cause exists to protect this highly sensitive and confidential business information that PSD has designated as confidential under the Protective Order.

**B.   The Proposed Sealing Is Narrowly Tailored and No Less Restrictive Means Exist.**

There is no less restrictive means to achieve the overriding interest of protecting the material PSD designated as "Confidential" or "Confidential–For Counsel Only." Thus, WhiteWater requests that the Confidential Materials transcript be sealed in accordance with the parties' designations under the Protective Order.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

4

MEM. OF P. & A. ISO DEF.'S
UNOPPOSED MOTION TO SEAL;
CASE NO. 3:20-CV-01464-BEN-DDL

### C. The Overriding Interests in Protecting Confidential Business Information Will Be Prejudiced if the Confidential Materials Are Not Sealed.

By designating the materials as "Confidential" or "Confidential–For Counsel Only," PSD has indicated that there exists a substantial probability that parties' overriding interests will be prejudiced if the Confidential Materials are not sealed, whereas the public would not be prejudiced at all. Accordingly, WhiteWater requests that the Court enforce the safeguards provided for in the Protective Order. Moreover, no parties will suffer any prejudice if this Motion is granted. Rather, granting the Motion will benefit all parties by protecting sensitive business information from being released to the public.

### III. CONCLUSION

For the foregoing reasons, WhiteWater respectfully requests that this Court grant the instant Motion to Seal the Confidential Documents and protect them from public disclosure.

DATED: July 31, 2023            **CROWELL & MORING**

By: */s/ Daniel A. Sasse*
Daniel A. Sasse
Email: dsasse@crowell.com

Attorneys for Defendant