**Zelle LLP**
Jennifer Duncan Hackett (pro hac vice)
(Active: DC 477433; OR 180905; MD)
James R. Martin (SBN 173329)
1775 Pennsylvania Avenue, NW, Suite 375
Washington, D.C. 20006
Tel: (202) 899-4100
Fax: (612) 336-9100
jhackett@zellelaw.com
jmartin@zellelaw.com

**Zelle LLP**
Judith A. Zahid (SBN 215418)
James S. Dugan (SBN 325565)
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zellelaw.com
jdugan@zellelaw.com

**The Law Office of Manuel de la Cerra**
Manuel de la Cerra (SBN 189313)
7040 Avenida Encinas, Suite 104-381
Carlsbad, CA 92011
Tel: (760) 809-2250
manny@delacerralaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Surf Designs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> WhiteWater West Industries, Ltd., et al., <br><br> Defendants. | Case No. 3:20-cv-01464-BEN-DDL <br><br> Hon. Judge Roger T. Benitez <br><br> **PLAINTIFF'S MOTION TO STRIKE PARAGRAPHS 4(c), 16-29 OF THE SECOND REBUTTAL REPORT OF JONATHAN T. TOMLIN, PH.D.** <br><br> Trial Date: August 11, 2023 <br> Time: 9:30 AM <br> Court Room: Courtroom 5A |

**INTRODUCTION**

On July 10, 2023, the Court denied Defendant WhiteWater West Inc.'s ("WhiteWater") motion to strike the declaration of Pacific Surf Design's ("PSD") damages expert, Ilan Guedj, Ph.D., in which Dr. Guedj performed an "invoice level analysis" of PSD's historical profit information and adjusted his damages figures to reflect that analysis. ECF No. 176. The Court, however, permitted WhiteWater to produce an additional rebuttal report from its own expert "with inquiry limited to the updated profit figures in Dr. Guedj's May 22, 2023 declaration and associated data files." *Id.* Paragraphs 16-29 of that rebuttal report, however, go well beyond the scope of what this Court permitted and should be stricken.

**PROCEDURAL AND FACTUAL BACKGROUND**

Dr. Guedj served his initial report on February 3, 2023 and was deposed on February 27, 2023. Dr. Tomlin served his rebuttal report on March 10, 2023 and was deposed on April 5, 2023. WhiteWater filed a *Daubert* motion challenging aspects of Dr. Guedj's opinions and a Motion to Strike the Declaration of Ilan S. Guedj, Ph.D. ECF Nos. 128, 158.

*Apropos* of the instant dispute, in its *Daubert* Motion WhiteWater argued that the data upon which Dr. Guedj relied to estimate PSD's historic profitability consisted of "unsupported and unverified financial data." ECF No. 128-1 at 13. In response, Dr. Guedj performed an invoice-level analysis of that financial data which confirmed his conclusions for six of nine installations and resulted in small adjustments for the remaining installations. ECF No. 141-2. These historical profit figures were just one input into a broader analysis of PSD's damages. *Id.*

The Court found that Dr. Guedj's declaration was the equivalent of an unauthorized reply report, but declined to strike it because it "will help facilitate the case being decided

on the merits by providing the jury with the most accurate lost profits calculations Dr. Guedj performed." ECF No. 176 at 15. The Court found that any asserted harm from the declaration could be cured by allowing WhiteWater to (1) depose Dr. Guedj "with inquiry limited to the updated profit figures and associated new data files" and (2) "produce a rebuttal report from Dr. Tomlin, with inquiry limited to the updated profit figures in Dr. Guedj's May 22, 2023 declaration and associated data files." *Id.* at 16.

WhiteWater deposed Dr. Guedj for three hours on July 20, 2023.[1] Dr. Tomlin submitted his Second Rebuttal Report on August 2, 2023. Exhibit A.

## ARGUMENT

With the exception of a subsection of his summary of opinions, WhiteWater properly cabins the first 15 paragraphs of the Second Rebuttal Report to the confines of the Court's Order. In those paragraphs, Dr. Tomlin takes issue with the data files and information relied upon by Dr. Guedj in his Declaration. The Second Rebuttal Report goes awry in Section B., which is titled "The Profit Margins Used by Dr. Guedj are Inflated and Leave Out Numerous Costs." Ex. A at 7.

Section B consists of disagreements with the structure of Dr. Guedj's original report. Dr. Tomlin disagrees with (1) Dr. Guedj's treatment of "incremental costs," (2) Dr. Guedj's usage of "gross margins" in developing his damages framework, (3) the time period for which Dr. Guedj calculates damages into the future, (4) the number of employees for which Dr. Guedj accounted in his opinions, (5) and Dr. Guedj's treatment of "overhead costs." *Id.* ¶¶ 16-24. Given the fact that Dr. Tomlin explicitly references Dr. Guedj's *original* report in his critique, this section indisputably could have been raised

---

[1] The questions, in PSD's view, exceeded the scope of the Court's order but for the sake of efficiency PSD did not seek to prohibit questioning at the time. The transcript of Dr. Guedj's second deposition was 127 pages.

by Dr. Tomlin in the first instance, either in his prior reports or at deposition. *Id.* ¶ 20, FN 31. He offers no explanation for why these arguments are appropriate now, or why they could not have been raised back then.

Dr. Tomlin then performs a new analysis in which he substitutes WhiteWater's asserted profitability for PSD's historical profitability and re-estimates PSD's projected profits. *Id.* ¶¶ 25-28. None of this is even remotely tethered to the limited work that Dr. Guedj performed in his declaration, and it goes well beyond that which this Court permitted. Dr. Tomlin could have performed all the analyses in paragraphs 16-24 in his original rebuttal report. He did not. WhiteWater cannot on the eve of trial offer new expert arguments and critiques, which it could have raised earlier, in the guise of "rebuttal." WhiteWater should be precluded from getting a second bite at the proverbial apple.

## CONCLUSION

With jury selection set to begin on August 11, 2023, it is too late for any corrective measures other than to strike paragraphs 4(c), 16-24. Dr. Tomlin should not be permitted to offer these new opinions in his direct testimony nor should WhiteWater be allowed to reference the new opinions at trial.

Respectfully Submitted,

DATED: August 8, 2023

ZELLE LLP

By: */s/ Jennifer Duncan Hackett*

Jennifer Duncan Hackett
*Attorneys for Plaintiff*