**Buchalter PC**
Joshua M. Robbins (SBN 270553)
Roger L. Scott (SBN 247165)
Alexandria C. Montes (SBN 309207)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
949.760.1121

**Crowell & Moring LLP**
Daniel A. Sasse (SBN 236234)
Sima Namiri-Kalantari (SBN 293876)
David C. Griffith (SBN 329342)
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
949.263.8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pacific Surf Designs, Inc.**, <br><br> Plaintiff, <br><br> vs. <br><br> **WhiteWater West Industries, Ltd., et al.**, <br><br> Defendants. | CASE NO. 3:20-cv-01464-BEN-DDL <br> Hon. Judge Roger T. Benitez <br><br> Defendant's [Proposed] Instruction Regarding Prior Litigation |

As discussed previously, in the patent and contract litigation underlying this case, this Court and Judge Dana Sabraw issued decisions on requests for attorney fees and costs that considered whether the litigation that WhiteWater West Industries, Ltd. had filed against Pacific Surf Designs, Inc. was objectively baseless or brought in bad faith. In its decision on summary judgment, the Court noted that these prior decisions would be "powerful evidence" in WhiteWater's favor regarding whether the litigation was collectively a "sham" that fell outside of *Noerr*-Pennington immunity. [ECF 176 at 31:8 – 32:13.]

At the July 10, 2023 pretrial conference (transcript attached as **Exhibit 1**), WhiteWater's counsel raised the issue of how the jury should be instructed on the prior decisions. *Id.* at 9-10. The Court agreed that WhiteWater's position that the jury "should be instructed on the ultimate findings of law that the courts made," such as whether each claim was baseless or in bad faith, "made sense," and supported the proposition that the Court "would instruct the jury on the outcome, the findings—the ultimate finding" in the prior decisions, while also instructing them to look at the cases "in totality"; it said that this approach would likely "streamline the case." *Id.* at 10-11. The Court thus instructed the parties to meet and confer regarding appropriate jury instructions. The parties have done so, but have not reached agreement on the issue.

Defendant Whitewater West Industries, Ltd. has proposed a jury instruction regarding judicial notice that conveys the "ultimate findings" of this Court and Judge Sabraw. To the extent that the Court considers it appropriate to provide additional instructions on the prior litigation, WhiteWater proposes the following stipulated facts:

**Patent Litigation**

On May 1, 2014, Surf Waves Ltd and Flowrider Surf Ltd., both owned by WhiteWater, each filed a separate lawsuit against PSD in this Court. The Surf Waves lawsuit claimed that PSD had infringed on Patent No. 8,088,016, which I will call the "half-pipe patent." The Flowrider Surf lawsuit claimed that PSD had infringed on Patent No. 6,491,589, which I will call the "nozzle flap patent." The Flowrider Surf lawsuit also claimed that Richard Alleshouse had breached an agreement that he signed with Wave Loch LLC.

On June 27, 2014, PSD signed an agreement with Surf Waves and Flowrider Surf. Under the agreement, all the parties said that they were discussing settlement, and Surf Waves and Flowrider Surf agreed to voluntarily dismiss the lawsuits without prejudice, which means they were allowed to bring the lawsuits again if they chose. Both companies then dismissed the lawsuits.

On August 24, 2015, Surf Waves and Flowrider Surf together filed a lawsuit in this Court. The lawsuit claimed that PSD had infringed on the half-pipe patent and on the nozzle-flap patent.

PSD asked the Patent Trial and Appeal Board, or "PTAB," to review the half-pipe patent and the nozzle-flap patent and find that they were not valid. The PTAB found that PSD had not shown a reasonable likelihood that the nozzle-flap patent would be found invalid, and it denied PSD's request on that patent. But it granted the request on the half-pipe patent, and found that it was invalid. That decision was affirmed on appeal. This Court then dismissed Surf Waves' claim for infringement of the half-pipe patent.

On May 25, 2017, this Court found that WhiteWater, not Flowrider Surf, was the proper plaintiff to bring a lawsuit for infringement of the nozzle-flap patent. It thus dismissed Flowrider Surf's lawsuit. On June 1, 2017, WhiteWater filed a new lawsuit for infringement of the nozzle-flap patent.

WhiteWater's lawsuit on the nozzle-flap patent went to trial in December 2019. The jury in the trial found that PSD did not infringe on the nozzle-flap patent, and that the patent was not valid.

### Contract Litigation

On March 13, 2017, WhiteWater filed a lawsuit against PSD, Richard Alleshouse, and Yong Yeh. It alleged that Mr. Alleshouse had breached his agreement with Wave Loch, which had been transferred to WhiteWater, by applying for patents based on designs he had worked on at Wave Loch, obtaining the patents, but not transferring the patents to Wave Loch as agreed. It also alleged that Mr. Yeh should not be listed as an inventor on the patents.

The case was tried before another judge of this Court. On March 27, 2019, that judge found that the agreement Mr. Alleshouse signed was valid, Mr. Alleshouse had breached it, and the PSD patents should be transferred to WhiteWater. The judge also found that Mr. Yeh should not be listed as an inventor on the patents.

PSD, Mr. Alleshouse, and Mr. Yeh appealed. The appellate court found that the agreement Mr. Alleshouse signed with Wave Loch was invalid under California law. It thus reversed the trial judge's decision and ordered the patents transferred back to PSD.

### Attorney Fee Motions

At the end of each of the cases, PSD filed motions asking the Court to order Surf Waves, Flowrider Surf, or WhiteWater to pay PSD's attorney fees or other litigation costs. In the 2015 case involving the half-pipe patent and the nozzle-flap patent, this Court found that Surf Waves knew or should have known that the claim for infringement of the half-pipe patent was objectively unreasonable and frivolous, and that Surf Waves had not done an adequate investigation before filing the lawsuit. This Court also found that neither Surf Waves nor Flowrider Surf acted with subjective bad faith, and that neither

brought the lawsuit for the purpose of harassing PSD, but instead that their purpose was to protect their intellectual property. The Court ordered Surf Waves to pay PSD's attorney fees and costs for defending the half-pipe patent claim, but did not order FlowRider Surf to pay attorney fees or costs relating to the nozzle-flap patent claim.

In the 2017 lawsuit involving the nozzle-flap patent only, this Court found that WhiteWater's claims were reasonable and the proper subject of litigation. It also found again that Flowrider Surf did not act in bad faith in the 2015 lawsuit. This Court thus did not order WhiteWater to pay any of PSD's attorney fees.

In 2017 contract lawsuit, Mr. Alleshouse's contract with Wave Loch required that whoever won a lawsuit over breach of the contract would pay the other side's attorney fees and other costs, the judge in that case ordered WhiteWater to pay PSD's attorney fees and certain other, non-expert costs for that case. PSD asked the judge to also order WhiteWater to pay the fees of PSD's expert witnesses. The judge found that WhiteWater's claims were not baseless, and it relied on this Court's earlier decisions on bad faith in the patent lawsuits. The judge thus did not order WhiteWater to pay PSD's expert fees.

DATED:  August 9, 2023

**BUCHALTER**
A Professional Corporation

By: _____
Joshua M. Robbins
Attorneys for Defendant