UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WHITEWATER WEST INDUSTRIES, LTD., et al.,<br><br>　　　　　Defendants. | Case No.: 3:20-cv-01464-BEN-DDL<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br><br><br>**[ECF No. 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210]** |

On July 24, 2023, Plaintiff Pacific Surf Designs ("Plaintiff") and Defendant Whitewater West Industries, Ltd. ("Defendant") submitted Motions in Limine. *See* ECF Nos. 199, 201-210.

Having considered the parties' papers, the Court ORDERS as follows:

**I. PLAINTIFF'S MOTIONS IN LIMINE [ECF No. 199]**

Motion in Limine 1 – To Exclude Evidence of Defendant's Affirmative Defense of Unclean Hands. **DENIED-IN-PART**. The Court agrees an affirmative defense of unclean hands should not apply for policy reasons outlined in *Memorex*. However, the evidence may be allowed for the independent purposes identified by Defendant.

Motion in Limine 2—To Exclude Certain Evidence Regarding Settlement Discussion. **GRANTED**.

<u>Motion in Limine 3</u>— To Exclude Evidence or Reference to Plaintiff's Excluded Expert Opinions. **GRANTED**. Given Defendant did not oppose this motion and the Plaintiff's legal argument is sound, this motion is granted.

<u>Motion in Limine 4</u>—Exclude Certain Deposition and Trial Transcript Designations from Prior Litigation. A) Regarding Witness Glen Stevick: **DENIED**. Witness is unavailable and Plaintiff had similar motive to cross-examine.
B) Re Opening Statements from Previous Trial: **GRANTED**. Arguments by counsel are not generally admissions by party opponent, nor does this designation meet the criteria for that purpose. *See Kowalski v. Anova Food, LLC*, No. CIV. 11-00795HG-RLP, 2015 WL 1117993, at *2 (D. Haw. Feb. 12, 2015).

<u>Motion in Limine 5</u>—To Exclude References to Plaintiff's Ability to Recover Treble Damages or Attorney's Fees. **GRANTED**. Given Defendant does not oppose this motion and the Plaintiff's legal argument is sound, this motion is granted.

<u>Motion in Limine 6</u>— To Exclude Statements or Excerpts from Legal Treatises, Periodicals and Articles. **GRANTED**. Given Defendant does not oppose this motion and the Plaintiff's legal argument is sound, this motion is granted. Defendant's Exhibits Nos. JR-JW, JZ, KE & KF are **EXCLUDED**. This does not preclude Defendant from reading these sections into evidence as permitted by Fed. R. Evid. 803(18).

**II. DEFENDANT'S MOTIONS IN LIMINE  [ECF Nos. 200-210]**

<u>Motion in Limine 1</u>—To Exclude Any Evidence Regarding Settlement Offers & Negotiations. **GRANTED**. The Court previously (and rightly) determined this conversation was a settlement discussion. The notes reflect several topics which are germane to settlement negotiations. (ECF No. 201).

<u>Motion in Limine 2</u>—To Exclude Evidence or Argument re Geographic Market Should Exclude China. **DENIED**. The definition of the market is not a "judicial admission" because it does not "withdraw the fact from issue." *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). The contours of both geographic and

product markets are "question[s] of fact reserved for the jury." *See Dooley v. Crab Boat Owners Ass'n*, No. C 02-0676 MHP, 2004 WL 902361 at *9 (N.D. Cal. Apr. 26, 2004). The Defendant may challenge this definition at trial through contrary evidence. (ECF No. 202).

Motion in Limine 3—To Exclude Argument or Evidence re Single Entity Defense. **DENIED**. Plaintiff may use Defendant's verified discovery responses. These do not fall under the purview of inconsistent pleadings. (ECF No. 203).

Motion in Limine 4—To Exclude Speculative Lay Opinion re Plaintiff's Hypothetical Market Share. **DENIED**. Alleshouse and Yeh have sufficient experience in the industry to proffer opinions regarding matters related to their business, including the market share they believe Pacific Surf Designs could have achieved. Pacific Surf Designs is not bound under 30(b)(6) to Mr. Yeh's assertion that the exact market share is "impossible to determine" because this was not a verified 30(b)(6) topic. Regardless, under *Snapp*, courts disfavor binding a corporation. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1103 (9th Cir. 2018). (ECF No. 204).

Motion in Limine 5—To Exclude Statements of Non-Party Aquatic Development Group ("ADG"). **DENIED**. This is an overbroad MIL which seeks to categorically exempt twenty-three (23) exhibits. Whitewater and ADG's relationship could be construed as agency relationship for the purpose of FRE 801(d)(2)(D). These statements are further relevant to the issue of whether Defendant and ADG should be considered a single entity. (ECF No. 205).

Motion in Limine 6—To Exclude PSD's "Net Present Value" Damages. **DENIED**. The Court finds the authority from the Fifth and Eighth Circuits persuasive. *See H.J. Inc. v. Int'l Tel. and Tel. Corp.*, 867 F.2d 1531, 1549 (8th Cir. 1989); *Multiflex Inc. v. Samuel Moore*, 709 F.2d 980 (5th Cir. 1983). (ECF No. 206).

Motion in Limine 7—To Exclude Argument and Evidence of Prior Jury's Advisory Finding re Material Misrepresentation. **DENIED**. Defendant's arguments are centered around a prediction of how Plaintiff will characterize this information. This is

speculative.  Defendant may raise objections regarding improper questions or uses of this evidence during trial.  (ECF No. 207).

<u>Motion in Limine 8</u>—To Exclude Hearsay by Non-Party, Non-Expert re Monopoly Power.  **GRANTED**.  This is a statement made by an employee of Wave Loch.  It is unclear even in the full context of the email chain what Mr. Vincente meant when he said "we."  Given Mr. Vincente is not set to testify to clear up this confusion, this statement seems more prejudicial than probative.  (ECF No. 208).

<u>Motion in Limine 9</u>— Regarding Naming Conventions When Referring to Prior Lawsuits.  **GRATNED**.  Given Plaintiff did not oppose this motion, and the Defendant's reasoning is sound, this motion is granted.  The parties shall agree on a uniform way to refer to the prior litigation during trial.  (ECF No. 209).

<u>Motion in Limine 10</u>—To Exclude Argument and Evidence re Death of Yong Yeh's Father.  **GRANTED-IN-PART**.  Plaintiffs shall not elicit this information, nor should Mr. Yeh spontaneously offer it.  However, should Mr. Yeh's memory be questioned, he may offer this information as it pertains to his memory of the relevant time.

**IT IS SO ORDERED.**

Dated: August 11, 2023

HON. ROGER T. BENITEZ
United States District Judge